UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DIANSKY ROUZARD,**

        **Plaintiff,**

v.                                                                            Case No: 6:24-cv-2233-CEM-DCI

**U-HAUL INTERNATIONAL, INC.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

Diansky Rouzard (Plaintiff), appearing *pro se*, initiated this case by filing a form Complaint for a Civil Case and a separate written Complaint containing allegations against U-Haul International, Inc. (Defendant). Doc. 1. Plaintiff alleges that Defendant breached a storage rental agreement and a fiduciary duty owed to Plaintiff. *Id*. Plaintiff seeks $73,750,000.00 in civil penalties, declaratory and injunctive relief, interest, and attorney fees and costs. *Id*. at 8.

Plaintiff has also filed an Application to Proceed in District Court Without Prepaying Fees or Costs construed as a Motion for Leave to Proceed as a Pauper. Doc. 2 (the Motion). The Court has referred the Motion to the undersigned and the matter is ripe for review.

### I.   Standard of Review

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court must evaluate the plaintiff's financial status and determine whether he is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied that plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary

relief against a defendant who is immune from such relief. *Id*. at § 1915(e)(2)(B)(i-iii).[1] The Court must liberally construe the complaint when conducting the foregoing inquiry, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but the Court is under no duty to rewrite the complaint to establish subject-matter jurisdiction, avoid frivolousness, or state a claim upon which relief may be granted. *See Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

## II.     Discussion

The undersigned finds that Plaintiff is a pauper. However, the undersigned recommends dismissal of the Complaint because Plaintiff does not establish this Court's subject matter jurisdiction. A federal court has diversity jurisdiction over civil actions where there is complete diversity of citizenship among the opposing parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). There is complete diversity where "no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013).

Here, Plaintiff alleges that "[t]his Court has jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000.00." Doc. 1 at 5. Plaintiff claims to be a citizen of Florida and that Defendant is incorporated under the laws of Arizona. *Id*. at 3, 4. Plaintiff, however, also alleges that Defendant has its principal place of business in Florida. Doc. 1 at 4. "A corporation is deemed a citizen of every State and foreign state in which it has been incorporated *and* of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1) (emphasis added). Thus, on its face, the Complaint

---

[1] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

does not establish diversity jurisdiction to satisfy 28 U.S.C. § 1332 and is subject to dismissal. *See Selensky v. Mobile Infirmary*, 221 F. App'x 814, 815 (11th Cir. 2007) (affirming dismissal for lack of subject matter jurisdiction where the plaintiff did not plead facts sufficient to establish diversity of citizenship); *Burns v. Essex Partners, Inc.*, 2019 WL 1093440, at *2 (M.D. Fla. Jan. 16, 2019) (dismissing complaint without prejudice for lack of subject matter jurisdiction where plaintiff failed to sufficiently allege the citizenship for each party).

The undersigned notes, however, that while Plaintiff contends in the separate "Civil Complaint" that jurisdiction is based on diversity, he also references 115 U.S.C. § 45 and 12 U.S.C. § 504 in the "Complaint for a Civil Case" form under the section titled, "If the Basis for Jurisdiction is a Federal Question." Doc. 1 at 3. But § 504 applies to the federal reserve and member banks and does not appear to have any application to this case and the undersigned was unable to locate 115 U.S.C. § 45. Further, Plaintiff fails to even attempt to allege any claim as to those federal statutes in the remainder of his Complaint. As such, to the extent Plaintiff cites to these sections as a basis for the Court's jurisdiction, the undersigned is not convinced that Plaintiff alleged jurisdiction based on a federal question.

Generally, a *pro se* plaintiff must generally be given one chance to amend the complaint "if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend." *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (internal quotations omitted). While diversity jurisdiction does not exist based on the allegations in the Complaint, the undersigned recommends that Plaintiff should be given leave to amend the Complaint to the extent he brings a federal claim. The undersigned notes that since this recommendation is based on a lack of subject matter jurisdiction, the undersigned has considered neither the substance of the claims in the Complaint nor its form.

**III.   Conclusion**

Accordingly, it is respectfully **RECOMMENDED** that:

1. the Motion (Doc. 2) be **DENIED without prejudice**; and

2. the Complaint (Doc. 1) be **DISMISSED** with leave to amend.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections.  28 U.S.C. § 636(b)(1)(C).  A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on January 8, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy