# UNITED STATES DISTRICT COURT
for the

__Middle__ District of __Florida__

__Orlando__ Division

| | |
|---|---|
| Diansky Rouzard | Case No. 6:24-cv-02233-CEM-DCI |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Jury Trial: *(check one)* ☑ Yes ☐ No |
| -v- | |
| Uhaul International Inc. | |
| *Defendant(s)* | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |

## COMPLAINT FOR A CIVIL CASE

I.  **The Parties to This Complaint**

   A.  **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Diansky Rouzard |
   | Street Address | Homeless |
   | City and County | Orlando Orange County |
   | State and Zip Code | Florida 32857 |
   | Telephone Number | |
   | E-mail Address | dcrownestate@yahoo.com |

   B.  **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1
- Name: Uhaul International Inc.
- Job or Title (if known):
- Street Address: 2727 N. Central Ave.
- City and County: Phoenix, Maricopa County
- State and Zip Code: Arizona, 85004
- Telephone Number:
- E-mail Address (if known): 956053_GM@UHaul.com

Defendant No. 2
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 3
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 4
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

## II.   Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☑ Federal question        ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.   If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

1. Consumer Financial Protection Act (CFPA) – 12 U.S.C. § 5565. This statute provides for civil money penalties and enforcement of consumer protection laws against unfair, deceptive, and abusive acts or practices (UDAAPs).
2. Federal Trade Commission Act (FTCA) – 15 U.S.C. § 45. This statute prohibits unfair or deceptive acts or practices in commerce and protects consumers from fraudulent business practices.
3. Truth in Lending Act (TILA) – 15 U.S.C. § 1601 et seq. This statute requires clear and accurate disclosure of payment terms and prohibits unauthorized fees, ensuring fairness in credit transactions.

These federal statutes form the basis of Plaintiff's claims and establish federal question jurisdiction under 28 U.S.C. § 1331.

(See attached Amended Complaint w/ Exhibits)

### B.   If the Basis for Jurisdiction Is Diversity of Citizenship

1.   The Plaintiff(s)

   a.   If the plaintiff is an individual

   The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   b.   If the plaintiff is a corporation

   The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.   The Defendant(s)

   a.   If the defendant is an individual

   The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

      b.      If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

The amount in controversy exceeds $75,000, not counting interest and costs of court, because:
1. Plaintiff seeks civil money penalties under 12 U.S.C. § 5565 (CFPA) for Defendant's unfair, deceptive, and abusive acts or practices:
   - Reckless Violations (Tier 2): $25,000 per day for 30 days (August 23, 2024, to September 21, 2024), totaling $750,000.00.
   - Knowing Violations (Tier 3): $1,000,000 per day for 73 days (September 22, 2024, to December 3, 2024), totaling $73,000,000.00.
2. Plaintiff seeks damages arising from:
   a. The application inception.
   b. Financial harm caused by Defendant's actions.
   c. Emotional distress due to Defendant's misconduct.
   d. Loss of opportunity to benefit, including rights, title, interest, and equity.
   e. Reimbursement for legal fees incurred in pursuing this case.
3. Plaintiff seeks punitive damages to deter Defendant's misconduct and ensure future compliance with federal consumer protection laws.
4. Plaintiff seeks declaratory relief confirming that the account is settled and injunctive relief prohibiting Defendant from engaging in similar unlawful conduct, adding value to the overall claims
The civil money penalties alone far exceed $75,000, clearly meeting the jurisdictional threshold under 28 U.S.C. § 1331.

(See attached Amended Complaint w/ Exhibits)

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

1. On July 15, 2024, Plaintiff, Diansky Rouzard, entered into a storage rental agreement with Defendant, U-Haul International, Inc., for Unit #1417 at U-Haul Moving & Storage of Goldenrod, Florida.
2. On August 23, 2024, Plaintiff submitted a Bill of Exchange for $101.15 to settle the account balance. This payment was provided to Defendant's General Manager, Jovanny Santiago, at the location in Orange County, Florida.
3. Despite receiving the payment, Defendant failed to honor it. On October 18, 2024, and October 21, 2024, Defendant issued Auto-Payment Failure Notifications, falsely claiming that Plaintiff's account was delinquent.
4. On October 21, 2024, Defendant imposed an unauthorized $15.00 late fee on Plaintiff's account, further asserting that the payment was invalid.
5. Plaintiff filed a formal complaint with the Florida Department of Agriculture and Consumer Services (FDACS) under Case #2410-03333. On December 3, 2024, FDACS notified Plaintiff that Defendant failed to respond to the complaint or participate in mediation.
6. Defendant mishandled Plaintiff's personal information by repeatedly addressing Plaintiff incorrectly as "Ms." instead of "Mr." in correspondence, despite being notified of the error.
7. Defendant's actions caused Plaintiff financial harm, emotional distress, loss of opportunity to benefit from the storage agreement, and additional expenses, including legal fees to address the matter.
8. Plaintiff seeks relief due to Defendant's failure to honor the payment, imposition of unauthorized fees, mishandling of personal information, and refusal to resolve the matter despite formal complaints and notices.

(See attached Amended Complaint w/ Exhibits)

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

1. Civil money penalties of $73,750,000.00 under 12 U.S.C. § 5565 (CFPA).
2. Declaratory relief confirming Plaintiff's account is settled and fees are void.
3. Injunctive relief prohibiting Defendant from future misconduct.
4. Actual damages of the application inception, financial harm, emotional distress, loss of opportunity to benefit, rights, title, interest, equity, and reimbursement for legal fees.
5. Punitive damages for knowing violations.

(See attached Amended Complaint w/ Exhibits)

### V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

#### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 01/14/2025

Signature of Plaintiff: s/ Diansky Rouzard
Printed Name of Plaintiff: p/ DIANSKY ROUZARD, Pro Se Plaintiff

#### B. For Attorneys

Date of signing:

Signature of Attorney:
Printed Name of Attorney:
Bar Number:
Name of Law Firm:
Street Address:
State and Zip Code:
Telephone Number:
E-mail Address:

Print   Save As...   Add Attachment   Reset

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DIANSKY ROUZARD**,
Plaintiff,

v.                                                       **Case No**. 6:24-cv-02233-CEM-DCI

**U-HAUL INTERNATIONAL, INC**.,
Defendant.

## AMENDED CIVIL COMPLAINT

**Comes now**, I, Diansky Rouzard, Plaintiff, proceeding Pro Se, and files this Amended Civil Complaint against Defendant U-Haul International, Inc., alleging as follows:

1. Plaintiff, Diansky Rouzard is a resident of Orlando, Florida, located in Orange County.

2. Plaintiff states that the Defendant, U-Haul International, Inc. is a corporation incorporated under the laws of Arizona, with its principal place of business in Phoenix, Arizona.

3. Plaintiff states that this Court has jurisdiction under 28 U.S.C. § 1331, as this case arises under the laws of the United States, specifically:

   a. The Consumer Financial Protection Act (12 U.S.C. § 5565),

   b. The Federal Trade Commission Act (15 U.S.C. § 45), and

   c. The Truth in Lending Act (15 U.S.C. § 1601 et seq.).

1

4. Plaintiff states that the venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in Orange County, Florida.

5. On July 15, 2024, Plaintiff entered into a valid storage rental agreement with Defendant for Unit #1417 at U-Haul Moving & Storage of Goldenrod, Florida, see: **Exhibit A**.

6. Plaintiff states that on August 23, 2024, Plaintiff tendered a Bill of Exchange for $101.15 to settle the account balance, which Defendant's General Manager, Jovanny Santiago, received, see: **Exhibit B & B1**.

7. Plaintiff states that despite receiving this lawful payment, Defendant:

   a. Failed to honor the payment.

   b. Issued Auto-Payment Failure Notifications on October 18, 2024, and October 21, 2024, see: **Exhibit C**.

   c. Imposed a $15.00 late fee on October 21, 2024, despite the account being settled, see: **Exhibit D**.

8. Plaintiff filed a formal complaint with the Florida Department of Agriculture and Consumer Services (FDACS) under Case #2410-03333. On December 3, 2024, FDACS informed Plaintiff that Defendant failed to respond to mediation efforts, see: **Exhibit E**.

9. Plaintiff sent several notices then a Final Demand Notice to Defendant on October 18, 2024, requesting confirmation of payment and cessation of unauthorized fees. Defendant failed to respond substantively, see: **Exhibit F, F1 & F2**.

10. Plaintiff states that the Defendant also mishandled Plaintiff's personal information by repeatedly addressing Plaintiff as "Ms." instead of "Mr." after being notified of the error, see: **Exhibit G**.

11. Plaintiff states that the Defendant engaged in unfair, deceptive, or abusive acts or practices (UDAAPs), including:

   a. Failing to honor Plaintiff's lawful payment.

   b. Imposing unauthorized late fees and continued collection actions.

   c. Mishandling Plaintiff's personal information.

   d. Defendant's actions directly violated the CFPA's protections, subjecting them to civil money penalties under 12 U.S.C. § 5565(c).

12. Plaintiff states that the Defendant engaged in unfair and deceptive trade practices, including:

   a. Imposing fees without proper notice or justification.

   b. Continuing collection actions despite Plaintiff's payment.

   c. Misrepresenting Plaintiff's payment status to third parties.

   d. These actions violated 15 U.S.C. § 45, the FTCA's prohibition against unfair or deceptive acts in commerce.

13. Plaintiff states that the Defendant violated 15 U.S.C. § 1601 et seq., Truth In Lending Act (TILA) by:

   a. Failing to provide clear disclosures about payment processing.

   b. Imposing fees without proper notice or legal basis.

   c. Continuing collection actions after receiving lawful payment, misleading Plaintiff regarding their account status.

3

   d. These failures breached TILA's requirements for transparency and fairness in credit transactions.

14. Defendant's violations of the CFPA are subject to civil money penalties, including:

   a. Tier 1: For general violations of law, up to $5,000 per day.

   b. Tier 2: For reckless violations, up to $25,000 per day.

   c. Tier 3: For knowing violations, up to $1,000,000 per day.

15. Plaintiff alleges that Defendant's actions were reckless and knowing, warranting penalties under Tier 2 and Tier 3 as follows:

   a. From August 23, 2024, to September 21, 2024 (30 days):

- $25,000/day × 30 days = $750,000.00

   b. From September 22, 2024, to December 3, 2024 (73 days):

- $1,000,000/day × 73 days = $73,000,000.00

   c. Total Civil Money Penalties:

- $750,000.00 + $73,000,000.00 = $73,750,000.00

Exhibit(s):

- Exhibit A: Rental Agreement

- Exhibit B & B1: Notice of Tender & Indorsed Bill of Exchange

- Exhibit C: Auto-Payment Notifications

- Exhibit D: Late Fee Notice

- Exhibit E: FDACS Closure Notice

- Exhibit F, F1, & F2 - Initial & Final Demand Notices

- Exhibit G: Correspondence on Incorrect Salutation

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

- Declaratory relief confirming that the account is settled and all unauthorized fees are void.

- Injunctive relief prohibiting Defendant from further collection actions and mishandling of Plaintiff's personal information.

- Actual damages of the application inception, financial harm, emotional distress, loss of opportunity to benefit, rights, title, interest, equity, and reimbursement for legal fees.

- Civil money penalties under 12 U.S.C. § 5565(c) totaling $73,750,000.00.

- Punitive damages for Defendant's knowing violations.

- Costs and fees incurred in pursuing this action.

- Any other relief the Court deems just and proper.

### Oath:

I, **DIANSKY ROUZARD**, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

### Certification and Closing:

Under Federal Rule of Civil Procedure 11, I certify that this filing is not being presented for improper purposes and that its factual contentions have evidentiary support.

### Certificate of Service:

I, **DIANSKY ROUZARD**, hereby certify that on this 14th day of January, 2025. I served the foregoing pleading to the listed below CM/ECF of such filing document(s) to the following participant(s) involved:

**Defendant**:

U-Haul International, Inc.
2721 N. Central Ave.
Phoenix, AZ 85004
956053_GM@UHaul.com

Respectfully submitted,
/s/ Diansky Rouzard
/p/ **DIANSKY ROUZARD**, Plaintiff
dcrownestate@yahoo.com
Deemed done in good faith
Without prejudice