# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DIANSKY ROUZARD**,
Plaintiff,

v.                                                    **Case No.** 6:24-cv-02233-CEM-DCI

**U-HAUL INTERNATIONAL, INC.,**
Defendant.

## SECOND AMENDED COMPLAINT FOR DAMAGES, CIVIL MONEY PENALTIES, AND INJUNCTIVE RELIEF

 **Comes now**, I, **Diansky Rouzard**, proceeding Pro Se, and brings this action against U-HAUL INTERNATIONAL, INC. ("Defendant" or "U-Haul") for violations of federal law, including deprivation of property without due process, unlawful debt collection practices, fraudulent business practices, and retaliatory termination of access to property. Plaintiff seeks compensatory damages, statutory damages, civil money penalties, treble damages, and injunctive relief under federal statutes that provide a private right of action.

## JURISDICTION AND VENUE

1. This Court has jurisdiction under:

- 42 U.S.C. § 1983 (Deprivation of Property Without Due Process – Fifth and Fourteenth Amendments).

- 15 U.S.C. § 1692 et seq. (Fair Debt Collection Practices Act – FDCPA).

- 18 U.S.C. §§ 1962(c), 1964(c) (Racketeer Influenced and Corrupt Organizations Act – RICO).

1

- 28 U.S.C. § 1331 (Federal Question Jurisdiction).

- 28 U.S.C. § 1343 (Civil Rights Violations and Due Process Deprivations).

2. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because the events giving rise to this complaint occurred within the Middle District of Florida, specifically at U-Haul Moving & Storage of Goldenrod, 508 N Goldenrod Rd, Orlando, FL 32807.

## PARTIES

3. Plaintiff, Diansky Rouzard, is a U.S. citizen residing in Kissimmee, Florida.

4. Defendant, U-Haul International, Inc., is a Delaware corporation headquartered at 2727 N Central Ave, Phoenix, AZ 85004, operating storage facilities nationwide, including in Florida.

## FACTUAL BACKGROUND

5. On May 1, 2024, Plaintiff entered into a rental agreement with Defendant for Storage Unit #1417 at its Goldenrod facility.

6. Plaintiff timely made payments but disputed unauthorized and excessive fees, including:

- A \$50 lien processing fee not disclosed in the contract.

- Late fees that exceeded statutory and contractual limits.

- Unlawful insurance charges imposed without Plaintiff's consent.

- Auction and advertising fees assessed before proper notice was provided.

7. On January 14, 2025, while litigation was pending regarding these disputed fees, U-Haul issued a Notice of Default and scheduled an auction of Plaintiff's property for February 17, 2025.

2

8. Plaintiff formally objected in writing and notified U-Haul of pending litigation, but U-Haul ignored the notice and proceeded with the auction.

9. The auction deprived Plaintiff of valuable personal belongings, legal documents, and essential property, violating Plaintiff's federal due process rights and protections against unfair collection practices.

10. On February 5, 2025, U-Haul terminated Plaintiff's access to the storage unit, preventing Plaintiff from retrieving his property before the auction.

11. U-Haul failed to provide a legally sufficient reason for restricting Plaintiff's access to his property, constituting a wrongful seizure in violation of federal law.

12. U-Haul's termination of access was retaliatory, designed to obstruct Plaintiff's ability to dispute the charges and prevent retrieval of his own belongings.

13. Plaintiff complied under coercion and removed all property from the unit to prevent auction, but received no confirmation of closure, no confirmation of zero balance, and no compensation.

14. Defendant continued making verbal demands and phone calls while refusing to confirm anything in writing, despite Plaintiff's repeated written requests.

## LEGAL CLAIMS

### COUNT 1
### VIOLATION OF 42 U.S.C. § 1983
### (DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS)

15. Defendant acted under color of state law by enforcing a self-storage lien pursuant to Florida Statutes § 83.801-83.809, a state-authorized self-help remedy.

16. The U.S. Supreme Court in Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982) established that private entities utilizing state-granted enforcement powers may be held liable under 42 U.S.C. § 1983.

3

17. Defendant auctioned Plaintiff's property without providing a meaningful opportunity to contest the charges in court, constituting a deprivation of property without due process.

18. By restricting Plaintiff's access to his property before the auction, Defendant engaged in an additional violation of due process and property rights.

19. Plaintiff suffered irreparable harm and financial loss and is entitled to declaratory relief, compensatory damages, and punitive damages.

## COUNT 2
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
## (15 U.S.C. § 1692 et seq.)

20. Defendant engaged in debt collection activity by attempting to collect disputed fees and enforcing a lien without providing proper validation.

21. Defendant violated the FDCPA by:

- Using unfair and unconscionable means to collect a disputed debt (15 U.S.C. § 1692f(6)).

- Threatening illegal enforcement actions without legal authority (15 U.S.C. § 1692e(5)).

- Proceeding with collection actions after Plaintiff exercised the right to dispute the debt (15 U.S.C. § 1692g(b)).

22. Plaintiff is entitled to statutory damages of \$1,000 per violation, actual damages, and injunctive relief.

4

# COUNT 3
# RACKETEER INFLUENCED
# AND CORRUPT ORGANIZATIONS ACT (RICO)
# (18 U.S.C. §§ 1962(c), 1964(c))

23. Defendant engaged in a pattern of racketeering activity by:

- Repeatedly imposing fraudulent, excessive, and undisclosed fees on consumers.

- Knowingly misrepresenting charges and enforcement rights to force improper payments.

- Retaliating against customers by terminating access to their own property before unlawful enforcement actions.

24. In Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479 (1985), the Supreme Court confirmed that patterns of fraud and deceptive business practices may constitute racketeering.

25. Under 18 U.S.C. § 1964(c), Plaintiff is entitled to treble damages and injunctive relief.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests:

- Declaratory Judgment finding Defendant's actions violate federal law.

- Temporary and Permanent Injunctions prohibiting further illegal lien enforcement actions.

- Compensatory damages for the value of the auctioned property.

- Statutory damages of \$1,000 per violation under the FDCPA.

5

- Treble damages under RICO.

- Punitive damages to deter further misconduct.

- Attorney's fees and litigation costs as permitted.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

### Oath:

I, **DIANSKY ROUZARD**, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

### Certification and Closing:

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that Plaintiff's Second Amended Complaint is not being presented for an improper purpose, such as to delay or hinder litigation, and that it is supported by existing law or by a nonfrivolous argument for extending or modifying existing law.

6

**Certificate of Service:**

 I, **DIANSKY ROUZARD**, hereby certify that on this 6th day of May, 2025. I served the foregoing pleading or other paper to the listed below CM/ECF of such with the Clerk of the Court of such filing and request to mail the document(s) to the following participant(s) involved:

Defendant:

**U-Haul International, Inc. dba**
**U-Haul Moving & Storage of Goldenrod**
Attn. **Corporate Legal Department**
2727 N. Central Avenue
Phoenix, AZ 85004
Ph. 1 (800) 468 - 4285
legal@uhaul.com

Respectfully submitted,
s/ Diansky Rouzard
p/ **DIANSKY ROUZARD**, Plaintiff
830 Perth Plac, Apt. 204
Kissimmee, Fla. 34758
dcrownestate@yahoo.com

7