# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DIANSKY ROUZARD,**

      **Plaintiff,**

v.                                                         Case No: 6:24-cv-2233-CEM-DCI

**U-HAUL INTERNATIONAL, INC.,**

      **Defendant.**

## ORDER

Pending before the Court is Plaintiff's Motion to Waive Pacer User Fees. Doc. 31 (the Motion). Plaintiff states that Plaintiff has been "granted IFP status" and "Plaintiff's PACER account has been disabled due to unpaid fees, which directly affects Plaintiff's ability to monitor this case and respond to Court directives." *Id*. at 1. Plaintiff argues that Plaintiff cannot meaningfully participate in this case without access and, therefore, requests that the Court waive the PACER user fee, direct the PACER Service Center to restore access, and "apply[] the waiver to all federal dockets in which Plaintiff is a named litigant." *Id*. at 2.

The Motion is due to be denied. As an initial matter, Plaintiff fails to state a basis for the relief or provide a legal memorandum in support of the request. *See* Local Rule 3.01(a) ("A motion must include — in a single document no longer than twenty-five pages inclusive of all parts — a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request."). For this reason alone, Plaintiff is not entitled to relief.

Also, "[t]o support the PACER system, users are charged fees for accessing documents or performing other tasks on the system. The applicable fees are set forth in a schedule issued by the

Judicial Conference of the United States." *Spilker v. E. Florida State College*, 2020 WL 13659745, at *1 (M.D. Fla. Jan. 30, 2020) (citing 28 U.S.C. § 1914).  To be eligible for an exemption from PACER user fees, the requesting party must show that an exemption is necessary in order to: (1) avoid unreasonable burden; and (2) promote public access to information.  *Id*.  Exemptions from user fees should be "granted as the exception, not the rule. . .."  *Id*. (citing 28 U.S.C. § 1914 (Judicial Conference Policy Notes)).

Here, contrary to Plaintiff's assertion, Plaintiff has not been granted leave to proceed as a pauper.  *See* Docs. 28, 34.  Additionally, even though Plaintiff contends that without PACER access Plaintiff's ability to litigate this case is affected, Plaintiff has been participating in this matter since December 2024, has submitted a number of filings for the Court's consideration, and seems to be aware of Court deadlines.  *See e.g.*, Docs. 2, 5, 13, 15, 17, 28, 30.  Overall, the Court is not convinced that PACER access is necessary to avoid an unreasonable burden or that Plaintiff is otherwise entitled to relief.  Accordingly, the Court finds that a waiver of PACER fees is not warranted.  *See Hamman v. Univ. Of Cent. Fla. Bd. of Trs.*, 2020 WL 10321760, at *1 (M.D. Fla. Aug. 11, 2020) (denying a plaintiff's request for access to a cost-free PACER account because the plaintiff was not proceeding as a pauper and did not demonstrate entitlement to free services) (citation omitted).

That said, as to Plaintiff's concern regarding PACER access to comply with Court directives, the Court already permits litigants proceeding *pro se* to file electronically without the necessity of an order.  Currently, the Court maintains a Web Portal for *pro se* litigants that allows electronic filing.  The Web Portal is available at: https://www.flmd.uscourts.gov/electronic-document-submission-web-portal.

- 2 -

Based on the foregoing, it is **ORDERED** that Plaintiff's Motion (Doc. 31) is **DENIED**.

Ordered in Orlando, Florida on July 10, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy