# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DIANSKY ROUZARD**,
Plaintiff,

**Exhibit A**

v.                                    Case No. **6:24-cv-02233-CEM-DCI**

**U-HAUL INTERNATIONAL, INC.,**
Defendant.

## PLAINTIFF'S AMENDED COMPLAINT
## FOR FINAL REVIEW AND JUDICIAL RELIEF

**Comes now,** I, **Diansky Rouzard,** Plaintiff, appearing Pro Se, pursuant to Federal Rule of Civil Procedure 15(a)(2), and respectfully submits this Amended Complaint for Final Review against Defendant U-Haul International, Inc., and states the following:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to **28 U.S.C. § 1331**, as this action arises under:

   a.  the Truth in Lending Act (TILA), **15 U.S.C. § 1601** et seq.,

   b.  the Fair Debt Collection Practices Act (FDCPA), **15 U.S.C. § 1692** et seq., and

   c.  the Declaratory Judgment Act, **28 U.S.C. §§ 2201–2202**.

2. Venue is proper in this District under **28 U.S.C. § 1391(b)(2)** because a substantial part of the events and omissions giving rise to this claim occurred in Orange County, Florida.

1

## II. **PARTIES**

3. Plaintiff, **Diansky Rouzard**, is a natural person and a resident of Kissimmee, Florida, and qualifies as a "consumer" under both the FDCPA and TILA.

4. Defendant U-Haul International, Inc. is a Nevada corporation with its principal office at 2727 N. Central Avenue, Phoenix, Arizona 85004, and conducts substantial business within the state of Florida, including Orange County.

## III. **FACTUAL BACKGROUND**

5. On or about July 15, 2024, Plaintiff entered into a rental agreement with U-Haul Moving & Storage of Goldenrod for storage unit #1417 located in Orlando, Florida, see: **Exhibit A**.

6. On August 23, 2024, Plaintiff lawfully tendered a negotiable Bill of Exchange in the amount of $101.15, which was signed and accepted in person by facility manager Jovanny Santiago, see: **Exhibits B** and **B1**.

7. Despite acknowledgment, Defendant refused to process or apply the lawful payment and instead issued Auto-Payment Failure notices on October 18, 2024, along with unauthorized surcharges, see: **Exhibit C.**

8. Defendant wrongfully assessed a $15.00 late fee on August 21, 2024, while the valid payment remained unresolved due to Defendant's willful noncompliance, see: **Exhibit D.**

9. On December 3, 2024, Plaintiff filed a complaint with the Florida Department of Agriculture and Consumer Services (FDACS). The agency confirmed Defendant's delayed response and unresolved conflict, see: **Exhibit E.**

10. During the pending FDACS dispute, Defendant continued collection activities, including billing, default warnings, and coercive conduct, in violation of **15 U.S.C. § 1692c(c)** and **15 U.S.C. § 1692e**.

2

11. Plaintiff issued Formal Demand Notices on August 24, September 7, and October 18, 2024, specifying civil money penalties of $25,000/day for ongoing noncompliance and U-Haul failed to resolve the issue and to respond, see: **Exhibits F**, **F1**, and **F2**.

12. Defendant further violated Plaintiff's rights by addressing Plaintiff as "Ms." in correspondence dated September 4, 2024, despite prior correction, evidencing disregard for Plaintiff's legal identity, see: **Exhibit G.**

13. Plaintiff exhausted all good-faith efforts for resolution and was met with continued default threats, emotional and reputational harm.

## IV. **CAUSES OF ACTION**

### **Count I**

14. Plaintiff fully satisfied all payment obligations under the rental agreement.

15. Defendant breached its contractual and fiduciary duties by refusing valid payment, charging unauthorized fees, failing to update records, and acting in bad faith.

16. Plaintiff suffered economic loss, emotional distress, and reputational damage.

### **Count II**

17. Defendant qualifies as a debt collector and pursued collection activities during an unresolved lawful dispute.

18. Defendant failed to validate the debt as required by **15 U.S.C. § 1692g,** continued collection in violation of § 1692c, and used deceptive means in violation of § 1692e.

## Count III

19. Defendant failed to disclose accurate finance charges and terms of service in accordance with **15 U.S.C. §§ 1631–1632**, and **12 C.F.R. Part 1026** (Regulation Z).

20. Defendant applied late fees and surcharges without prior disclosure or lawful recalculation in violation of **15 U.S.C. § 1637.**

21. Continuing collection during the dispute process constitutes deceptive billing under federal law and violation of due process.

## Count IV

22. A live, real, and substantial controversy exists regarding whether Plaintiff satisfied the debt and whether Defendant's collection activity was unlawful.

23. Plaintiff seeks declaratory judgment that:

   a.  Plaintiff has satisfied all contractual obligations;

   b.  Additional charges and collections are unlawful;

   c.  Defendant's conduct constitutes unjust enrichment, bad faith, violations of TILA and FDCPA, and violation of his due process right.

## V. **RELIEF REQUESTED**

24. **Wherefore**, Plaintiff seeks the following relief:

   a.  Declaratory judgment under **28 U.S.C. § 2201**;

   b.  Injunctive relief prohibiting further billing or collections;

   c.  Correction of personal records and improper salutation;

d. Compensatory damages:

1. $25,000/day × 80 days = $2,000,000.00;

2. Emotional and reputational harm = $3,750,000.00;

3. Total = **$5,750,000.00**;

e. Legal costs, filing fees, waste of time, and additional relief as just and proper.

25. Attached are the following exhibit(s):

- **Exhibit A** – Rental Agreement dated **07/15/24**

- **Exhibit B** & **B1** – Negotiable Bill of Exchange tendered on **08/23/24**

- **Exhibit C** – Auto-Payment Failure Notices dated **10/18/24**

- **Exhibit D** – Unlawful Late Fee Assessment dated **08/21/24**

- **Exhibit E** – FDACS Complaint Confirmation (Case #**2410-03333**)

- **Exhibit F**, **F1**, **F2** – Demand Letters **(08/24/24**, **09/07/24**, **10/18/24**)

- **Exhibit G** – Misidentification Correspondence dated **09/04/24**

**Oath**:

I, **DIANSKY ROUZARD**, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

**Certification and Closing**:

 **Under Federal Rule of Civil Procedure 11,** by signing below, I certify to the best of my knowledge, information, and belief that Plaintiff's pleading is not being presented for an improper purpose, such as to delay or hinder litigation, and that it is supported by existing law or by a nonfrivolous argument for extending or modifying existing law.

**Certificate of Service**:

 I, **DIANSKY ROUZARD**, hereby certify that on this **15th** day of **July**, **2025**. I served the foregoing pleading or other paper to the listed below CM/ECF of such with the Clerk of the Court of such filing and request to mail the document(s) to the following participant(s) involved:

**Defendant**:

**U-Haul International, Inc.**
dba **U-Haul Moving & Storage of Goldenrod**
Attn. **Corporate Legal Department**
2727 N. Central Avenue
Phoenix, AZ 85004
Ph. +1 (800) 468-4285
**legal@uhaul.com**

Respectfully submitted by,

 /s/ **Diansky Rouzard,**
/p/ **DIANSKY ROUZARD**, Pro Se Litigant
830 Perth Place,  Apt. 204
Kissimmee,  Florida 34758
Ph. +1 (386) 693 - 8389
Alt. Ph. +1 (321) 226 - 8525
Fax +1 (850) 757 - 0064
**d1sky@yahoo.com**
**Deemed done in good faith**

6

| Subject | Your Storage Rental Agreement |
|---|---|
| **To:** | [null dcrownestate@yahoo.com] |
| **From** | service@uhaul.com <service@uhaul.com> |
| **Date:** | Mon, Jul 15, 2024 at 5:45 PM |

U-Haul Moving & Storage Of Goldenrod
508 N Goldenrod Rd
Orlando, FL 32807

Jovanny Santiago

**UHAUL SELF STORAGE RENTAL AGREEMENT**(Anniversary Due Date)
**Customer Name :** Diansky Rouzard
**Address :** Po Box 570965
Orlando, FL 32825

**Home Phone :**(407) 371-5539                    Exhibit A
**Work Phone :** (407) 371-5539
**Driver`s License #:** R263160813730 ST FL EXP 10/13/2025
**E-Mail:** dcrownestate@yahoo.com

This Agreement is between Diansky Rouzard ("You" and "Your") and U-Haul Co. ("We" and "Us").

 X
U-Haul acknowledges that your Email address is highly confidential. This highly confidential information will be treated with the utmost respect.  We do not provide, supply, sell or otherwise distribute your personal information, including email address, to any third party.

**I, Diansky Rouzard, have no e-mail address and indemnify U-Haul for failure to contact me via e-mail.**

HELP US NEVER LOSE CONTACT WITH YOU IN CASE OF FIRE, FLOOD, BURGLARY OR BREAK-IN

Emergency Alternate Contact (Must be completed. Designate a person residing at a permanent address other than your own.)

| **Alternate Contact Name** | **Address** | **Phone#** |
|---|---|---|
| N/A N/A | N/A N/A N/A none, FL 32825 | (386) 530-3912 |

ONLY THE CUSTOMER AND AUTHORIZED ACCESS PERSONS WILL BE ALLOWED TO THE ROOM UNDER THIS AGREEMENT.  UHAUL MUST BE NOTIFIED IN WRITING OR VIA THE PREMIER CUSTOMER CLUB OF ANY CHANGES OF AUTHORIZED PERSONS, ADDRESS, TELEPHONE, OR LOST OR STOLEN CARDS.

**Credit Card / RECURRING ACH Payment Plan:**    DiscoverCard
I have authorized U-Haul to automatically debit my bank account or charge my credit card as applicable and requested every month for all charges associated with my storage room. (Cardholder agrees to notify U-Haul of any changes to the banking or credit card information (account number and expiration date)

X
  Authorized Signature: _____

**CAUTION:**
Failure to pay on due date will result in:
    $15 late-fee charged.    Denied access to your room.
    $15 pre-lien fee charged 15 days after the due date.
    $50 lien processing fee.   Assessment of a lien and sales of stored goods.

**CONTRACT DETAIL:**
**Room Size** :5x5x6 **Monthly Due Date** : 8/17/2024    **Total due Monthly** :$101.15

| | | | **Item** | **Amount** |
|---|---|---|---|---|
| Monthly Rent | : | $89.95 | Rent | $89.95 |
| Date of Last Payment | : | Jul 15 2024 | Discounts | $0.00 |
| Amount of Last Payment | : | $0.00 | Fees | $0.00 |
| Payment Due Date | : | Aug 17 2024 | Insurance | $8.95 |
| Rent Paid-Thru Date | : | Aug 16 2024 | Services | $0.00 |
| | | | Taxes | $2.25 |
| | | | Current Balance | $0.00 |

X

  Customer Signature: Date:7/15/2024.

### INSURANCE REQUIREMENT

Protecting your property in storage is your responsibility

Option One
(The recommended choice)

I acknowledge that while U-Haul and this facility take certain precautions to provide clean, dry and secure storage rooms, I acknowledge and agree that U-Haul and this facility do not insure my property, nor do they have the responsibility to provide insurance for my property. Furthermore I agree that U-Haul and this facility are not responsible for any damage or loss that may occur to my property while in storage.  I understand that it is a requirement of U-Haul and this facility that I maintain insurance covering my goods for as long as they are in storage at this facility.  I have elected to meet this requirement in the following manner:

 X  Purchase Low Cost Insurance NOW in the amount of  $8.95 Per Month

Option Two

___I have contacted my insurance agent and I have confirmed that I have insurance coverage for my property while in storage at this facility through either my homeowner`s policy or renter`s policy, and am aware of my policy`s deductible. I have attached a copy of my insurance company`s declarations page as proof of coverage.  U-Haul makes no representations concerning whether a homeowner`s or renter`s policy covers goods while in storage.  I agree that for the duration that my property is in storage at this storage facility, I will maintain my homeowner`s or renter`s policy in full force and effect. Furthermore, if at anytime my homeowner`s or renter`s policy is terminated or modified so that my property does not have insurance coverage, I, therefore agree to notify the storage facility and hold harmless for, and release from them, any loss or damage that occurs to my goods while in storage.

**YOUR INSURANCE COMPANY NAME:.**

Agent`s Name:

Agent`s Phone Number#

I understand that it is a requirement of this storage facility that I maintain insurance covering my goods for as long as they are in storage. I have elected to meet this requirement via the manner indicated above.

YOU AGREE YOU WILL NOT STORE GOODS WITH A TOTAL VALUE EXCEEDING $15,000 IN ANY SINGLE UNIT. YOU AGREE THAT STORING GOODS IN ANY SINGLE UNIT WITH A VALUE IN EXCESS OF $15,000 IS PROHIBITED. YOU FURTHER AGREE THAT ANY CLAIMS FOR THE LOSS OF GOODS, FOR ANY REASON, UNDER THIS AGREEMENT IS LIMITED TO A RECOVERY NOT TO EXCEED $15,000 PER ANY SINGLE UNIT.

APPROXIMATE CASH VALUE OF GOODS
(Customer`s estimate)$0.00
Type of goods stored:

X
Customer Signature : Date:7/15/2024.

### ATTENTION

This is a month-to-month lease. The term of this tenancy shall commence on the rental agreement date written, and shall continue thereafter on a monthly basis. Rent is payable in advance of the rental agreement date specified. U-Haul is not a bailee of customer's property. **U-Haul does not accept control, custody or responsibility for the care of property.** Customer shall notify U-Haul immediately, in writing, of address or telephone changes. Customers must provide their own disk-style lock (only one customer lock per room). U-Haul may, but is not required to, lock the space if it is found open. Rent paid in advance is considered prepaid rent and will be refunded upon vacating. There is no refund for unused days if you vacate after the rent due date of the current month. U-Haul reserves the right to change storage room rates with 30 days prior written notice to customer. It is your responsibility to pay on or before the due date. Free self-addressed payment envelopes may be provided for mailing rental payments. U-Haul has the right to establish or change hours of operation or to proclaim rules and amendments, or additional rules and regulations for the safety, care and cleanliness of the premises or the preservation of good order at the facility. Customer agrees to follow all of the U-Haul rules currently in effect, or that may be put into effect from time to time. Customer's access to the premises may be conditioned in any manner deemed reasonably necessary by U-Haul to maintain order on the premises. Such measures may include, but are not limited to, requiring verification of customer's identity, limiting hours of operation and requiring customer to sign in and sign out upon entering and leaving the premises. Customer Understands all sizes are approximate.

We are committed to providing a secure, safe and accessible environment for our customers. All customers, including You, must cooperate to ensure that such an environment exist at this U-Haul location. You agree that all customer access to the facility is conditional and access to Your Unit(s) beyond office hours is a privilege that may be granted but cannot be purchased, and Your compliance with the terms and conditions set forth in this Agreement is for the security of You, Your goods and the other U-Haul customers, and will affect your access to Your Unit.

**READ CAREFULLY. THE FOLLOWING ARE MATERIAL TERMS AND CONDITIONS TO THIS AGREEMENT. YOU AGREE TO COMPLY WITH ALL MATERIAL TERMS AND CONDITIONS SET FORTH IN THIS AGREEMENT. YOUR AGREEMENT TO DO SO WAS MATERIAL IN U-HAUL'S DECISION TO ENTER INTO THIS AGREEMENT. YOU ALSO AGREE THAT YOUR FAILURE TO COMPLY WITH ANY OF THESE CONDITIONS IS A MATERIAL BREACH OF THIS AGREEMENT. A MATERIAL BREACH OF THIS AGREEMENT WILL RESULT IN A LOSS OF PRIVILEGES SET FORTH IN THIS AGREEMENT OR IMMEDIATE TERMINATION OF THIS AGREEMENT.**

**USE AND ACCESS TO UNIT(S) AND PREMISES.**

You agree that the following are material terms and conditions pertaining to access to the Premises and Your Unit(s):

1. Access to your Unit(s) is for the sole purpose of self-storage.

2. Following others onto the property to access Your unit(s), or otherwise bypassing security, for Unit access is strictly prohibited.

3. Allowing others (regardless of whether they are U-Haul customers) to follow you onto the Property, bypassing security, is strictly prohibited.

4. Not to loiter or be on the U-Haul premises for any purpose other than accessing Your Unit for self-storage purposes.

5. Not to endanger the safety of any U-Haul customer, prospective customer, member of the public or U-Haul employee.

6. Not to threaten or intimidate, physically or verbally, any U-Haul customer, prospective customer, member of the public or U-Haul employee.

7. Not to use any illegal or illicit drugs on the property, in the restrooms, or in your Unit(s).

8. Not to drink alcohol on the premises or in your Unit(s).

9. Not to litter any needles or drug paraphernalia or other drug use related objects on the property, in the restrooms, or in your Unit(s).

10. You agree to leave the restroom(s) in a clean and sanitary condition and to follow the Rules for Restroom use as set forth in this Agreement.

11. Not to use your Unit(s) for Residential Purposes as set forth in this Agreement.

12. Not to unreasonably interfere other U-Haul customers use and access of their Unit(s).

13. Not to undertake any action falsely causing an alarm to go off and requiring immediate action by police, fire, or other first responder or other after-hours response by U-Haul personnel.

14. As allowed by applicable law, not to smoke or use any nicotine products while on U-Haul premises.

FAILURE TO COMPLY WITH THESE PROVISIONS MAY RESULT IN THE FOLLOWING:

A) Supervised Access:

· Requires You to sign in and out on every visit.

· Limitation of access to Your Unit of two visits per day, not to run concurrently, and for no more than thirty (30) minutes per visit.

· Restricted access to be decided at U-Haul's sole discretion.

· U-Haul placing a lock on Your Unit requiring supervised Unit access.

B) Termination of this Agreement and Your access being denied, regardless of payments made, until there is an Agreement between You and U-Haul for You to remove Your goods from Your Unit(s). Access for removal of Your goods shall be supervised by U-Haul personnel.

Failure to comply with the forgoing provisions in the Section on Use and Access to Unit(s) and Premises does NOT confer any lien rights to U-Haul.

**STORAGE UNIT(S) NOT TO BE USED FOR RESIDENTIAL PURPOSES.**

For the purposes of this Agreement, and irrespective of the time of day, Residential Purposes shall be defined as any use of the Unit(s) for other than self-storage, including but not limited to: sleeping in the Unit; studying in the Unit; using the Unit as living or napping quarters; cooking food in the Unit; congregating with others in the Unit; or any other similar conduct consistent with using the Unit for residential purposes.

You agree that Your Unit(s) is not Residential Dwellings as defined by applicable state law. You agree not to use your Unit(s) for Residential Purposes or as a Residential Dwelling. You agree that compliance with this provision is a material condition of this Agreement and U-Haul's decision to enter into this Agreement. YOU AGREE THAT YOUR FAILURE TO COMPLY WITH THIS SECTION SHALL BE A MATERIAL BREACH OF THIS AGREEMENT RESULTING IN IMMEDIATE TERMINATION OF THIS AGREEMENT AND LOSS OF ACCESS TO YOUR UNIT AND THE PREMISES.

Failure to comply with the forgoing provisions in the Section on Storage Unit(s) not to be used for Residential Purposes does NOT confer any lien rights to U-Haul.

**RESTROOM USE.**

This location may have Restroom(s) available for the use of U-Haul customers, prospective customers and their authorized guests. U-Haul reserves the right to limit Restroom access, including limiting Restroom access to regular business hours. U-Haul may also require the Customer to request access to the Restroom and log in and out of the Restroom before and after its use and to request and return the key to U-Haul before and after use.

You agree that use of the Restroom is a privilege and that leaving the restroom in a clean and sanitary condition for others is a matter of public safety. You agree that in using the Restroom(s), you shall not do the following:

1.   Use of alcohol, illegal or illicit drugs in the Restroom(s) at any time.

2.   Leave exposed any needles or drug related paraphernalia.

3.   Leave exposed any bottles of alcohol in the Restroom(s).

4.   Flush anything other than human waste or toilet paper in the toilet.

5.   Leave the Restroom in an unclean and unsanitary condition.

6.   Engage in any sexual activities of any kind.

7.   Cooking of food or beverages.

8.   Access the U-Haul electrical system.

9.   Bathing.

COMPLIANCE WITH THIS SECTION ON RESTROOM USE IS A MATERIAL CONDITION OF THIS AGREEMENT. FAILURE TO COMPLY WITH THIS PROVISION IS A MATERIAL BREACH OF THIS  AGREEMENT. FAILURE TO COMPLY MAY RESTRICT OR DENY YOU RESTROOM ACCESS OR RESULT IN IMMEDIATE TERMINATION OF THIS AGREEMENT AND LOSS OF ACCESS TO YOUR UNIT AND THE PREMISES.

 Failure to comply with the forgoing provisions in the Section on Restroom Use does NOT confer any lien rights to U-Haul.

 **TERMINATION AND DISPOSITION OF YOUR GOODS**

This section covers Termination of this Agreement and Disposition of Your goods for a Material Breach of the following sections of this Agreement: 1) Use and Access to Unit(s) and Premises; 2) Storage Units Not to be Used for Residential Purposes; and 3) Restroom Use. In the event of a breach of the forgoing sections of this Agreement, U-Haul shall provide Notice of the immediate Termination of this Agreement within 48 hours. Notice shall be provided by any of the following means: an e-mail to the e-mail address provided by You as listed on this Agreement; in-person either VERBALLY or hand delivered; in writing and delivered by hand or sent by mail to the address You provided in this Agreement; by text message to the phone number You provided as listed on this Agreement.  As set forth in the above Sections, Termination under these Sections do **NOT** confer any lien rights on Your contents to U-Haul. Upon Termination, U-Haul will issue a refund to You for the pro rata amount of rent for the remainder of the term of Your Lease.

In the event you are asked to remove your property from this storage facility, for a breach of this agreement and your Rent is paid in cash, You may make arrangements with U-Haul to come to the U-Haul location, after removing your possessions from the the facility, to obtain Your prorated refund.

Disposition of Your goods. Upon Notice of Termination for a Material Breach under this Section, You shall contact U-Haul within 72 hours to make arrangements for removal of Your goods. If You do not contact U-Haul within that time, U-Haul will send a second and final Notice of Termination, and requesting You contact Us to make arrangements for removal of Your goods. If You do not respond to the second and final Notice of Termination within 72 hours, You agree U-Haul will dispose of all goods in Your Unit(s) in a means and manner at U-Haul's sole discretion and at U-Haul's sole cost. U-Haul will dispose of Your goods no less than twenty (20) days from the initial Notice of Termination.

CAUTION

**If rent is not paid on or before the due date, a $15 late charge is due. A $15 pre-lien fee will be charged if payment is not received 15 days after the due date. A $50 lien processing fee plus all expenses associated with the sale will also be charged when the rent is 30 days late. The customer shall bear all risks of loss or damage to any and all property stored in the rental space, including, but not limited to, loss or damage resulting from the negligence of U-Haul. U-Haul is hereby given a contractual landlord`s lien upon all property stored by the customer to secure payment of all monies due under this agreement, including any fees and costs. The lien exists and will be enforceable from the date rent or other charges are due and unpaid. The property shall be deemed to be attached upon the first storage of any goods or property to the Unit. The property stored in the leased space may be sold to satisfy the lien if customer remains in default for 30 days or more.** Written notice will be sent to the customer during the default period. Proceeds from the sale will be distributed first to satisfy all liens. The remainder, if any, will be held for the customer for six months, then the funds will be transferred to the appropriate state authority. This lien and all rights granted are in addition to any lien or rights granted by the statutes of the state. In addition to the rents and charges agreed upon and provided for in this rental agreement, customer shall be liable for all costs, fees and expenses, including attorney`s fees, reasonably incurred, incident to default, present or future, for the preservation, storage, inventory, advertisement and sale of the property stored in the rental space, or other disposition, and to enforce the rights provided for under this rental agreement. U-Haul shall be entitled to attorney fees and costs incurred in enforcing its rights under this agreement. Upon default for non-payment of any monies due and owing under this Agreement, You and all authorized individuals shall be denied access to the property contained in the rental space until such time that the default has been remedied and the total balance owed has been paid in full. Customer shall be permitted to have access to the rental space for the purpose of viewing and verifying the contents of the rental space during the default period. A minimum $10 cleaning fee will be assessed if the space is dirty or in need of repair at contract termination. Customer can use dumpster only after paying appropriate Dumpster fee. Customers are never to use dumpsters for disposal of hazardous or toxic materials, or wastes (e.g., paints, chemicals, flammables, etc.), off-site refuse or items such as couches, mattresses, etc.

WARNING

.Customer shall have access to the rental space only for the purpose of storing and removing property stored in that rental space. The rental space shall not be used for residential purposes or operation of a business. Customer agrees not to store any hazardous materials, hazardous substance, hazardous waste, solid waste, toxic chemicals, illegal goods, explosives, highly flammable materials, perishable foods or any other goods which may cause danger or damage to the rental space. Customer agrees not to store any living creature or organism, or any dead animal or other carcass. Customer agrees that personal property and rental space shall not be used for any unlawful purpose. Customer agrees not to leave waste, not to alter or affix signs on the rental space and agrees to keep the rental space in good condition during the term of the rental agreement. U-Haul property, such as furniture pads or storage carts, shall not be placed or locked in the rental space. Customer agrees not to store collectibles, heirlooms, jewelry, works of art or any other item of sentimental value. I,Diansky Rouzard,   agree to all the terms and conditions stated above:

**INSURANCE PROTECTION TERMS AND CONDITIONS:**

Insurance protection is only effective for customers who have elected Insurance protection and paid the appropriate Insurance fee. Valuation of Loss: Loss is adjusted at actual cash value. If a customer rents more than one room, Insurance must be purchased separately for each room. The customer wishes to protect. *Exclusions:* There is no protection for: (1) loss or damage to bills, currency, securities, notes, deeds, furs, antiques, jewelry, artwork, precious metals or stones, vehicles or contraband (2) loss resulting from theft, except burglary evidenced by visible signs of forced entry (3) loss resulting from mysterious disappearance, intentional or criminal acts (4) damage resulting from flood, tidal waters, groundwater or any subsurface water including sewers and drains (5) damage resulting from nuclear explosion or contamination, war or civil insurrection, natural deterioration, insect infestation, wear and tear, atmospheric condition or changes in temperature. Protection Period: Insurance fees must be paid in advance for the same number of months for which you make storage-rent payments. Nonpayment or breach of rental agreement automatically terminates this protection. Concealment, Misrepresentation And Fraud: This policy is void if the Insured intentionally conceals or misrepresents a material fact concerning this insurance policy or the covered property. It is also void in any case of fraud by the Insured relating to it. Underwritten by Republic Western Insurance Company. REPORT CLAIMS TO: RWIC P.O. Box 21748 Phoenix, AZ 85036-1748. Phone 1-800-528-7134.

DELIVERY ACCEPTANCE WAIVER

If the tenant, at his/her sole risk and expense, requests Landlord to accept, on the tenant`s behalf, articles delivered for tenant within tenant`s leased space or other area designated by the landlord and further agrees that landlord shall not be liable for whatever reason including negligence, for any article delivered to landlord for the tenant that is lost, stolen, misplaced, damaged or destroyed.

Tenant expressly acknowledges this waiver of landlord`s liability is solely for the purpose of inducing the landlord to accept articles delivered to their premises for the tenant`s benefits and if it were not for the tenant`s consent to this waiver of liability, landlord would not accept articles for tenant`s benefit.
U-HAUL WEBSITE NOTICE AND PRINTED TERMS OF CUSTOMER CONTRACT:

### U-Haul Arbitration Agreement ("Agreement")

**PLEASE READ CAREFULLY. THIS MANDATORY AGREEMENT AFFECTS YOUR RIGHTS. BY ENGAGING IN A "TRANSACTION," "YOU" AND "U-HAUL" VOLUNTARILY AND KNOWINGLY ENTER INTO THIS AGREEMENT WHICH WAIVES YOUR RIGHT TO SUE AND BRING CLAIMS IN COURT, OTHER THAN AS STATED BELOW, OR HAVE A JURY RESOLVE ANY DISPUTE:**

1. Except as expressly provided in this Agreement, the "Claims" shall not be pursued in court (except "Small Claims" as defined below), but shall be decided by binding arbitration administered by either the National Arbitration and Mediation ("NAM") in accordance with its NAM Comprehensive Dispute Resolution Rules and Procedures and Supplemental Rules for Mass Arbitrations (https://www.namadr.com/resources/rules-fees-forms/) or the American Arbitration Association ("AAA") in accordance with its AAA Consumer Arbitration Rules (http://www.adr.org/consumer), and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.
2. For purposes of this Agreement, the following definitions shall apply:
a. **"Claims"** is broadly interpreted to include any dispute, complaint, controversy, or cause of action arising out of or relating to your relationship with U-Haul or any prior, current or future Transaction with U-Haul. All claims, including assigned claims, brought under any legal theory, whether at law or in equity, are covered by this Agreement and shall include, but not be limited to, all statutory and tort claims, that may be asserted.
b. **"Equipment"** means any truck, vehicle, trailer, tow dolly, U-Box container, retail purchase, or physical item related to your Transaction.
c. **"Rental Company"** means the business entity that is responsible for the display, rental, sales, maintenance, and repair of Equipment and policy programs and procedures in a particular geographic area.
d. **"Small Claims"** means a lawsuit filed in a local court that has jurisdiction to decide cases involving relatively small amounts of money damages.
e. **"Transaction"** means the commencement, completion, or fulfillment of: A) a request or reservation to rent, use or purchase Equipment or to receive services; B) the use or review of the content of any U-Haul website; or C) any entry onto any U-Haul or U-Haul agent's property.
f. **"U-Haul"** means all subsidiaries, related companies, insurers, parents, agents, affiliates, and/or independent dealers of the Rental Company, and each of their respective officers, directors, shareholders, managers, employees and other representatives who had anything to do with Your Transaction.
g. **"You"** means the person who engaged in a Transaction and (as applicable) Your respective subsidiaries, affiliates, agents, Authorized Driver(s) as defined in the U-Haul rental agreement, employees, persons related to You, and Your beneficiaries, estate, spouse, domestic partner, heirs, assigns and other successors-in-interest, as well as all authorized or unauthorized users of the Equipment. "Your" refers to "You."

3. U-Haul and You agree that a U-Haul Transaction affects interstate commerce and that this Agreement shall be governed by the Federal Arbitration Act, 9 U.S.C. ch. 1, et. seq.

4. You acknowledge and agree that You have voluntarily chosen to engage in a Transaction with U-Haul rather than a competitor who may offer comparable goods and services but may not require binding arbitration. Arbitration is less formal than court; uses a neutral arbitrator instead of a judge or jury; allows limited discovery; and is subject to limited judicial review. The decision of an arbitrator may be entered and enforced as a final judgment in a court of competent jurisdiction.

5. **Claims may only be brought in an individual capacity and in the name of an individual or entity, and may not be joined or consolidated with the Claims of any third party unless they arise from the same Transaction, nor may any Claims, including assigned claims, be pursued in court. Claims must proceed on an individual and non-class and nonrepresentative basis. No Claim may be pursued as a class or other collective action. No Claims may be brought in a representative action such as a private attorney general action, or other representative basis. The Arbitrator shall have authority to issue any relief that a court of competent jurisdiction could have awarded only to You or U-Haul individually on a non-class and non-representative basis. If any part of this paragraph 5 is deemed unenforceable as to all or part of a dispute, then the entirety of this Arbitration Agreement shall be null and void as to that dispute or part of the dispute, and therefore that claim must proceed in a court of competent jurisdiction. Page 2 of 4 U-Haul Arbitration Agreement.v7**

6. If this Agreement conflicts with any arbitration provision in the Rental Contract Addendum/Document Holder or any other prior arbitration provision presented to You at the time of the Transaction, this Agreement contains the most recent reiteration of the Agreement and therefore supersedes all prior arbitration provisions and shall control.

7. Unless otherwise provided in the following rules or by mutual agreement as provided herein, NAM Comprehensive Dispute Resolution Rules and Procedures and Supplemental Rules for Mass Arbitrations (https://www.namadr.com/resources/rules-fees-forms/) will apply to the arbitration of all Claims seeking $75,000 or less and the AAA Consumer Arbitration Rules (http://www.adr.org/consumer) will apply to the arbitration of all Claims seeking more than $75,000. **BY ENTERING INTO THE TRANSACTION, THE PARTIES ACKNOWLEDGE AND AGREE TO AMEND OR MODIFY, WHERE APPLICABLE, EITHER THE NAM COMPREHENSIVE DISPUTE RESOLUTION RULES AND PROCEDURES PURSUANT TO RULE 8 OF THE NAM COMPREHENSIVE DISPUTE RESOLUTION RULES AND PROCEDURES AND THE AAA CONSUMER ARBITRATION RULES PURSUANT TO RULE R-1(C) OF THE AAA CONSUMER ARBITRATION RULES AS FOLLOWS:**

a. **Small Claims Court.** U-Haul or You shall bring Claims in small claims court instead of arbitration for those Claims that meet the local jurisdiction requirements for Small Claims. The rules of the small claims court shall apply.

b. **Notice and Demand Procedure**

Case 5:24-cv-02260-GEM-DTB Document 33 Filed 07/16/25 Page 12 of 30 Page ID #254

a. **Notice and Demand Procedure**

i. **Notice of Dispute** ("Notice"): Before an Arbitration Proceeding, the party asserting a Claim in Section 7(b) of this Agreement must give Written Notice by mail or e-mail sent to the party or parties against whom a Claim is asserted. Notice to U-Haul shall be sent to: U-Haul Legal Dept., 2727 N. Central Ave., Phoenix, AZ 85004 or by e-mail to: legal@uhaul.com. A Notice form and related information is found at www.uhaul.com/arbitration. Notice to You shall be sent either to the address or e-mail address provided by You to U-Haul in connection with the Transaction or to another address or email address provided by You to U-Haul. After Notice of a Claim is given, the parties shall attempt to resolve the Claim within sixty (60) days from the receipt of the Notice. The statute of limitations shall be tolled for said 60-day period.

ii. **Demand for Arbitration** ("Demand"): Upon expiration of the 60-day Notice period, or immediately upon the unequivocal rejection of any Claim(s), You or U-Haul may initiate arbitration proceedings by filing a Demand and Certification of Completion of the Notice of Dispute Process ("Certification") with NAM for Claims seeking less than $75,000 but exceeding Small Claims Court jurisdictional limits, or by filing a Demand with AAA for Claims seeking $75,000 or more. NAM Demand and Certification forms for Claims filed with NAM and AAA Demand and Certification Forms for Claims filed with AAA and related information can be found at www.uhaul.com/arbitration, and shall include an amount requested in the Demand. If a Demand is filed without the Certification, NAM or AAA shall consider the Demand incomplete and not filed, and not proceed with its administration and invoicing until a Certification has been submitted. If all Claims are mutually resolved within the Notice period, NAM or AAA shall take no further action to administer the Demand.

c. **Special rules for Claims seeking $75,000 or less:**

i. **NAM Consumer Filing Fee.** If You followed the Notice and Demand Procedure as provided above and paid a filing fee, U-Haul will reimburse You the amount of that fee.

ii. **Alternative Payment and Attorney Premium.** If You followed the Notice and Demand Procedure set forth above, and the Arbitrator issues an award on the merits of Your Claims that is greater than the value of U-Haul's last written settlement offer sent to You at least fourteen (14) calendar days before the hearing (or submission of documents in a Written Submission-Only procedure), then U-Haul will:

1. pay the award or $7,500, whichever is greater ("Alternative Payment"); and

2. pay Your attorney, if any, reasonable attorney's fees, and reimburse expenses (including expert witness fees) that You reasonably incurred for investigating, preparing, and pursuing Your Claims ("Attorney Premium"). To qualify for payment, expenses must be itemized and submitted to U-Haul within fourteen (14) calendar days of the award. The maximum payment under the Attorney Premium is the amount of the award.

d. **Special rules for Claims seeking at least $500,000 or more:**

i. You or U-Haul may elect to proceed before a panel of three (3) arbitrators. If a party elects to proceed before a panel of three (3) arbitrators, said election shall be made at the time of filing the Demand. Responding party shall have thirty (30) days from the filing of Your Demand to elect to proceed before a panel of three (3) arbitrators. Page 3 of 4 U-Haul Arbitration Agreement.v7.

ii. The Federal Rules of Evidence shall be applied in the arbitration proceedings to the same extent as if the Claims had been filed in federal court in the jurisdiction in which the Arbitration proceeds.

iii. Upon request of a party and good cause shown, the Arbitrator will:

1. permit each party to submit at least one dispositive motion;

2. permit each party to serve interrogatories, requests for admission, and requests for production and determine the scope, schedule, and amount of same;

3. permit at least one deposition of each party; determine the necessity of any additional depositions; and allocate the cost of taking deposition(s); and

4. permit written submissions and determine the staggered schedule for such submissions. iv. Following any arbitration award in this matter, the parties shall both have the right for submission of an appeal. The appeal, if any, shall be handled by the AAA pursuant to their Optional Appellate Arbitration Rules. The parties agree that each party shall be responsible for their own attorney's fees and costs on appeal.

e. **Arbitrator Selection.** Unless otherwise agreed in writing by You and U-Haul, NAM or AAA, as the case may be, shall transmit simultaneously to each party an identical list of no less than five (5) qualified arbitrators chosen from the NAM Hearing Officer Roster or AAA National Roster of Commercial Arbitrators, respectively. The parties may agree on an Arbitrator and advise NAM or AAA of their agreement. If the parties do not agree, each party will have fourteen (14) calendar days from the transmittal date of the list of arbitrators in which to strike up to two (2) names from the list of arbitrators, number the remaining names in order of preference, and return the list directly to NAM or AAA. If a party does not return the list within the time specified, all persons on the list will be deemed acceptable to that party. From among the persons who have been approved by both parties, and in accordance with the designated order of mutual preference, NAM or AAA shall appoint an Arbitrator to serve. If for any reason appointment cannot be made from the submitted lists, NAM or AAA will repeat the process set forth in this paragraph 7 until the Arbitrator is selected.

f. **Prior Settlement Offer.** Prior to an arbitration decision, the parties shall not disclose to the Arbitrator any communications related to an offer of compromise unless accepted by all parties.

g. **Location of Arbitration Hearing/Governing Law.** The Arbitration shall take place in the County (or Parish) where You reside, either at the time of the rental and/or sale or return of the Equipment, unless otherwise agreed in writing by U-Haul and You. This Agreement shall be interpreted and construed in accordance with the law of the State where the Arbitration takes place. Any and all Claims arising out of or relating to this Agreement, whether sounding in contract, tort or statute, shall be governed by the law of the State where the Arbitration takes place, including its statutes of limitations, without giving effect to any conflict-of-laws rule that would result in the application of the laws of a different jurisdiction.

h. **AAA and Arbitrator Fees.** U-Haul will pay NAM or AAA administrative and arbitrator fees pertaining to the Claims initiated and pursued in accordance with the Notice and Demand Procedure except as set forth in Paragraph 7(d). Notwithstanding the foregoing, the Arbitrator shall have authority to reallocate said fees if the Arbitrator determines that Claims were filed for an improper purpose or that the Claims are patently frivolous and/or unsupported by applicable law or the reasonable extension of the law. Notwithstanding anything to the contrary set forth above, in the event the conditions for multiple (mass) consumer case filings are met as determined by NAM pursuant to its Supplemental Rules for Mass Arbitrations Rule No. 2 or the AAA pursuant to the Administrative Filing Fees section (i)(B) in the Consumer Arbitration Rules, then each party's portion of the NAM filing fees shall be the Mass Filing Fees as set forth by NAM or AAA filing fees shall be the Multiple Consumer Case Filings Fees as set forth by the AAA, respectively.

i. **Attorney's Fees and Costs.** Except as otherwise provided in this Agreement, the Arbitrator shall have the authority to award attorneys' fees and other costs as permitted by applicable law; however, You may not be awarded duplicative amounts of attorney's fees or costs regardless of the number of claimants. U-Haul promises and agrees that it will not seek an award of attorneys' fees or costs unless the Arbitrator determines that Claims are patently frivolous and/or unsupported by applicable law or the reasonable extension of the law.

j. **Arbitrator's Authority.** The Arbitrator shall:

i. Be bound by the terms of this Agreement;

ii. Apply a statute of limitations to all Claims as though brought in an appropriate court of competent jurisdiction;

iii. Decide all issues, and award a remedy, based only on the evidence and arguments submitted by a party;

iv. Resolve all disputes regarding the scope and enforceability of this Agreement, including the enforcement of the class action waiver; Page 4 of 4 U-Haul Arbitration Agreement.v7

v. Issue a reasoned written decision sufficient to explain the essential findings and conclusions on which the award is based and to identify the specific types of damages awarded, if any;

vi. Award a remedy only as to Claims presented at the Arbitration hearing and of which all Parties were on notice at least thirty (30) days before the hearing;

vii. Award any form of individual relief provided such relief would have been available in an individual capacity before a court of competent jurisdiction;

viii. Make rulings and resolve disputes as to the payment and reallocation of fees and expenses, including attorney's fees;

ix. Retain jurisdiction to review and resolve issues between the parties concerning interpretation of the decision. Such issues will be resolved based only on written submissions.

8. **Confidentiality.** In order to protect the confidential, proprietary, and trade secret information of the parties, U-Haul and You agree to negotiate and enter into a

Confidentiality Agreement. If U-Haul and You cannot agree on the Confidentiality Agreement, the arbitrator shall have the sole responsibility for determining the appropriate scope of the Confidentiality Agreement. In no event shall the Confidentiality Agreement in any way prevent U-Haul or You from using any document marked as "confidential" in an arbitration proceeding under this Agreement, subject to any ruling on admissibility by the Arbitrator.

**9. Alternate Forum.** By mutual written agreement, the parties may select an arbitration forum other than NAM or AAA and/or modify the procedural arbitration rules. In the event NAM or AAA are unable or unwilling to administer the arbitration, You and U-Haul shall submit the Claims to an agreed upon alternative forum which shall be subject to all other terms and conditions of this Agreement.

**10. Modification.** This Agreement may only be amended by a writing signed by all parties. Only an officer representing UHaul may agree on behalf of U-Haul to modify the terms of this Agreement.

**11. Severability.** This Agreement is the full and complete agreement relating to the resolution of Claims. If any portion of this Agreement is deemed unenforceable by a court of competent jurisdiction or the Arbitrator, the remainder will be enforceable.

**12. Waiver.** The failure of a party to require performance of any term or condition of this Agreement shall not be deemed to constitute a waiver of any such term or condition, or have any binding or precedential value regarding present or future enforcement of such term.


Executed:7/15/2024

Diansky Rouzard:


Room number: 1417
U-Haul Moving & Storage Of Goldenrod

Diansky Rouzard, Claimant/Receiver
dcrownestate@yahoo.com
Fx. +1 (850) 757 - 0064

Date: 08/23/2024

To:  U-Haul International, Inc dba
U-Haul Moving & Storage Of Goldenrod
Attn. Jovanny Santiago
508 N Goldenrod Rd
Orlando, FL 32807
Ph.#: (407) 282-5879
Email: 956053_GM@UHaul.com

```
======================================
NOTICE TO PRINCIPAL IS NOTICE TO AGENT
NOTICE TO AGENT IS NOTICE TO PRINCIPAL
======================================
```

Contract #: 956053 - 114033
Unit #: 1417

# Exhibit B

### Notice of Tender

 I, Diansky Rouzard, am writing to you regarding the outstanding balance on my account, associated with Contract #: Contract #: 956053 - 1140333, PAID IN FULL which is currently past due. Please accept this letter as formal notice that I am tendering payment for the aforementioned balance using the enclosed negotiable instrument. In accordance with the applicable Uniform Commercial Code (UCC) provisions, I have indorsed the enclosed Bill of Exchange without recourse and hereby transfer it to you in full satisfaction of the outstanding balance.

Details of the Tender:
Instrument Type: Bill of Exchange
Instrument Number: 956053-114033
Amount: $101.15 USD (Paid in Full)
Date of Instrument: On Demand

 By indorsing this Bill of Exchange without recourse, I am transferring all rights to payment to RPost, and I request that this payment be applied to settle the outstanding balance on my account in full. Upon acceptance of this tender, I expect that my account will be marked as paid in full and in good standing. I kindly request that you confirm receipt of this tender and the settlement of the account at your earliest convenience. Please send the confirmation to my email address at dcrownestate@yahoo.com.

Thank you for your prompt attention to this matter. I appreciate your cooperation in resolving this outstanding balance. If not honored, this debt is fully discharged.

Respectfully submitted by,

/s/ Diansky Rouzard

Diansky Rouzard, Claimant/Receiver

Deemed done in Good Faith

Without prejudice

Enclosure(s):

- Indorsed Bill of Exchange dated: 08/17/2024.

U-Haul Moving & Storage Of Goldenrod
508 N Goldenrod Rd
Orlando, FL 32807

Jovanny Santiago

**UHAUL SELF STORAGE RENTAL AGREEMENT**(Anniversary Due Date)
**Customer Name :** Diansky Rouzard
**Address :** Po Box 570965
Orlando, FL 32825

**Home Phone :**(407) 371-5539
**Work Phone :** (407) 371-5539
**Driver`s License #:** R263160813730 ST FL EXP 10/13/2025
**E-Mail:** dcrownestate@yahoo.com

# Exhibit B1

This Agreement is between Diansky Rouzard ("You" and "Your") and U-Haul Co. ("We" and "Us").

___X___

U-Haul acknowledges that your Email address is highly confidential. This highly confidential information will be treated with the utmost respect. We do not provide, supply, sell or otherwise distribute your personal information, including email address, to any third party.

_____

**I, Diansky Rouzard, have no e-mail address and indemnify U-Haul for failure to contact me via e-mail.**

HELP US NEVER LOSE CONTACT WITH YOU IN CASE OF FIRE, FLOOD, BURGLARY OR BREAK-IN

Emergency Alternate Contact (Must be completed. Designate a person residing at a permanent address other than your own.)

| Alternate Contact Name | Address | Phone# |
| --- | --- | --- |
| N/A N/A | N/A N/A<br>N/A<br>none, FL 32825 | (386) 530-3912 |

ONLY THE CUSTOMER AND AUTHORIZED ACCESS PERSONS WILL BE ALLOWED TO THE ROOM UNDER THIS AGREEMENT. UHAUL MUST BE NOTIFIED IN WRITING OR VIA THE PREMIER CUSTOMER CLUB OF ANY CHANGES OF AUTHORIZED PERSONS, ADDRESS, TELEPHONE, OR LOST OR STOLEN CARDS.

**Credit Card / RECURRING ACH Payment Plan:**    DiscoverCard 3/31/20286011-XXXX-XXXX-ZOV7

I have authorized U-Haul to automatically debit my bank account or charge my credit card as applicable and requested every month for all charges associated with my storage room. (Cardholder agrees to notify U-Haul of any changes to the banking or credit card information (account number and expiration date)

X
  Authorized Signature: *Mr. Diansky Rouzard*

**CAUTION:**

Failure to pay on due date will result in:
   $15 late-fee charged.    Denied access to your room.
   $15 pre-lien fee charged 15 days after the due date.
   $50 lien processing fee.    Assessment of a lien and sales of stored goods.

**CONTRACT DETAIL:**
Room Size :5x5x6 **Monthly Due Date** : 8/17/2024    **Total due Monthly** :$101.15

## Account Summary - Room #:    1417

| | | | Item | Amount |
|---|---|---|---|---|
| Monthly Rent | : | $89.95 | Rent | $89.95 |
| Date of Last Payment | : | Jul 15 2024 | Discounts | $0.00 |
| Amount of Last Payment | : | $0.00 | Fees | $0.00 |
| Payment Due Date | : | Aug 17 2024 | Insurance | $8.95 |
| Rent Paid-Thru Date | : | Aug 16 2024 | Services | $0.00 |
| | | | Taxes | $2.25 |
| | | | Current Balance | $0.00 |

Without recourse
Pay to the order of
DIANSKY ROUZARD
by: _____
Rouzard: Diansky, Authorized Indorse

X
  Customer Signature: Date: 7/15/2024 *Mr. Diansky Rouzard*

**INSURANCE REQUIREMENT**

Protecting your property in storage is your responsibility

Option One
(The recommended choice)

I acknowledge that while U-Haul and this facility take certain precautions to provide clean, dry and secure storage rooms, I acknowledge and agree that U-Haul and this facility do not insure my property, nor do they have the responsibility to provide insurance for my property. Furthermore I agree that U-Haul and this facility are not responsible for any damage or loss that may occur to my property while in storage.  I understand that it is a requirement of U-Haul and this facility that I maintain insurance covering my goods for as long as they are in storage at this facility.  I have elected to meet this requirement in the following manner:

  X  Purchase Low Cost Insurance NOW in the amount of  $8.95 Per Month

Option Two

____I have contacted my insurance agent and I have confirmed that I have insurance coverage for my property while in storage at this facility through either my homeowner`s policy or renter`s policy, and am aware of my policy`s deductible. I have attached a copy of my insurance company`s declarations page as proof of coverage.  U-Haul makes no representations concerning whether a homeowner`s or renter`s policy covers goods while in storage.  I agree that for the duration that my property is in storage at this storage facility, I will maintain my homeowner`s or renter`s policy in full force and effect. Furthermore, if at anytime my homeowner`s or renter`s policy is terminated or modified so that my property does not have insurance coverage, I, therefore agree to notify the storage facility and hold harmless for, and release from them, any loss or damage that occurs to my goods while in storage.

**YOUR INSURANCE COMPANY NAME:.**

Agent`s Name:

Agent`s Phone Number#

I understand that it is a requirement of this storage facility that I maintain insurance covering my goods for as long as they are in storage. I have elected to meet this requirement via the manner indicated above.

YOU AGREE YOU WILL NOT STORE GOODS WITH A TOTAL VALUE EXCEEDING $15,000 IN ANY SINGLE UNIT. YOU AGREE THAT STORING GOODS IN ANY SINGLE UNIT WITH A VALUE IN EXCESS OF $15,000 IS PROHIBITED. YOU FURTHER AGREE THAT ANY CLAIMS FOR THE LOSS OF GOODS, FOR ANY REASON, UNDER THIS AGREEMENT IS LIMITED TO A RECOVERY NOT TO EXCEED $15,000 PER ANY SINGLE UNIT.

APPROXIMATE CASH VALUE OF GOODS
(Customer`s estimate)$0.00
Type of goods stored:

X
  Customer Signature : Date: 7/15/2024 *Mr. Diansky Rouzard*

| Subject | Autopayment Failure |
|---|---|
| To: | [null-dcrownestate@yahoo.com >] |
| From | 956053_GM@uhaul.com <956053_GM@uhaul.com> |
| Date: | Sat, Oct 19, 2024 at 3:28 PM |

**Date:** 10/18/2024

Hello Diansky Rouzard,

We had trouble charging your storage account; your storage payment has not been received.

Please log into your account to make your payment.  SignIn

Jovanny Santiago

956053_GM@UHaul.com

Exhibit C

**Subject**    A message from U-Haul Moving & Storage Of Goldenrod
**To:**    [null <
**From**    956053_GM@uhaul.com <956053_GM@uhaul.com>
**Date:**    Thu, Aug 22, 2024 at 4:24 PM

U-Haul Moving & Storage Of Goldenrod
508 N Goldenrod Rd
Orlando, FL 32807

**ADDRESS SERVICE REQUESTED**

DIANSKY ROUZARD
PO BOX 570965
ORLANDO, FL 32825

# Exhibit B

Date: 8/21/2024

**LATE NOTICE**     # Exhibit D

Dear Diansky Rouzard,

We have not received your monthly payment for storage room #1417. The rent was due on 8/17/2024.

A late fee of $15.00 has been charged to your account.

Make your payment online at uhaul.com/signin/

Sincerely,

Jovanny Santiago
U-Haul Moving & Storage Of Goldenrod
(407) 282-5879
956053

**Account Summary - Room #:**     1417

---

| | | | Item | Amount |
|---|---|---|---|---|
| Monthly Rent | : | $89.95 | Rent | $89.95 |
| Date of Last Payment | : | Jul 15 2024 | Delinquent Fees | $15.00 |
| Amount of Last Payment | : | $101.15 | Insurance | $8.95 |
| Payment Due Date | : | Aug 17 2024 | Taxes | $2.25 |
| Rent Paid-Thru Date | : | Aug 16 2024 | | |
| | | | Current Balance | $116.15 |



DIVISION OF CONSUMER SERVICES
(850) 410-3800

THE RHODES BUILDING
2005 APALACHEE PARKWAY
TALLAHASSEE, FLORIDA 32399-6500

# FLORIDA DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES
## COMMISSIONER WILTON SIMPSON

12/3/2024 3:12 PM

**Refer To: 2410-03333**

Re: Movers

Dear Diansky Rouzard:

The Department of Agriculture and Consumer Services contacted the above referenced business on your behalf in an effort to resolve your complaint. The business has chosen not to respond. At this time your complaint is now closed and will reflect the lack of response on the part of the business. The closing of this complaint does not prohibit the department from seeking enforcement action regarding any statutory violations that may have occurred.

Although the division has the authority to attempt mediation of a mutually acceptable settlement we do not have authority to order refunds, reimbursements for damages, or settlements.

As indicated from previous correspondence with the division, all complaints are a matter of public record and will be provided to consumers, news agencies, other state agencies, or any other interested parties upon request.

Thank you for the opportunity to assist you.



# Exhibit E

*Kathleen Cauley*
*Regulatory Consultant*
*Division of Consumer Services*
*Florida Department of Agriculture and Consumer Services*
*Kathleen.Cauley@FDACS.gov*

*(850) 410-3711*
*(850) 410-3801 Fax*

*www.FDACS.gov*

*Please note that Florida has a broad public records law (Chapter 119, Florida Statues). Most written communications to or from state employees are public records obtainable by the public upon request. Emails sent to me at this email address may be considered public and will only be withheld from disclosure if deemed confidential pursuant to the laws of the State of Florida.*

DIANSKY ROUZARD, Claimant
dcrownestate@yahoo.com
Fax: +1 (850) 757 - 0064

Date: August 24, 2024

To: U-Haul International, Inc. dba U-Haul Moving & Storage of Goldenrod
Attn. Jovanny Santiago, Account Manager
508 N Goldenrod Rd
Orlando, FL 32807
956053_GM@UHaul.com

# Exhibit F

NOTICE TO PRINCIPAL IS NOTICE TO AGENT
NOTICE TO AGENT IS NOTICE TO PRINCIPAL

Ref: eReceipt Tracking# E46F4751382502D2FAEFF296DFAA1D49E91C9509

### Notice of FINAL Demand

This FINAL DEMAND is in regards to the Notice of Tender sent on 08/23/2024 following your dishonor to my tendered instrument. Despite my good faith effort to settle the outstanding balance on my account associated with Contract #: 956053-1140333 through the indorsed Bill of Exchange, it appears that this tender has not been honored. I would like to remind you that, in accordance with the applicable Uniform Commercial Code (UCC) provisions, the Bill of Exchange was indorsed and transferred to you without recourse, effectively discharging the debt in full. I have not yet received confirmation that my account has been settled as requested. As the account manager, it is within your fiduciary duty to act in my best interest and honor this legally binding tender. I am requesting immediate confirmation that the balance has been fully discharged and that my account is now in good standing according to (UCC) and the Generally Accepted Accounting Principles (GAAP). Given the severity of the situation, I am seeking the minimum compensation of Five thousand dollars ($5,000.00) per day for breach of fiduciary duty. This compensation request is in accordance with the Civil Money Penalty provision and is necessary to redress the financial and emotional damages suffered as a result of your willful, prejudiced, and intentional negligent act. Accordingly, if there are any further flaws, I will exercise my right to seek a summary default judgment in awarding the maximum civil penalty of Fifty thousand dollars ($50,000.00) per day until Claimant is fully satisfied. I accept all rights, title, interests, and equity that's due to me. Failure to do so may necessitate further legal action to ensure that my rights are fully protected. I trust that you will address this matter promptly and I look forward to your swift response within a reasonable timeframe of three (3) days upon receipt of delivery.

Respectfully submitted by,
/s/ Diansky Rouzard
Tenant for Unit #1417
Deemed done in Good Faith
Without prejudice

DIANSKY ROUZARD, Claimant
Email: dcrownestate@yahoo.com
Fax: +1 (850) 757-0064

Date: September 7, 2024

VIA Registered Electronic Mail (r_eMail)

To: U-Haul International, Inc.
   Attn: Wesley Chadwick, Assistant General Counsel / Director of Operations
   2727 N. Central Ave.
   Phoenix, AZ 85004
   Email: wes_chadwick@uhaul.com

# Exhibit F1

Re: Contract#: 956053 - 114033
Unit#: 1417
Incident Date: July 17, 2024
Follow-up Incident Date: August 17, 2024

### Formal Notice of Civil Remedy Demand

under the Consumer Financial Protection Act, Racketeer Influenced and Corrupt
Organizations Act, Civil Money Penalty Law and Relevant State and Federal Laws

 I am writing to formally address your letter dated September 4, 2024, in which
you rejected the Bill of Exchange presented as payment for the alleged outstanding
balance for storage services. This letter serves as a formal demand for redress,
correction of misinformation, and remedy for the civil harm caused by your
company's refusal to honor a lawful instrument of payment. It also addresses a
serious breach of our agreement and violations of U-Haul's fiduciary duty to
properly manage and protect my personal information and financial interests.
These actions have caused significant distress and concern, and I am demanding
immediate corrective action, compensation, and restitution.The Bill of Exchange
submitted to U-Haul on August 23, 2024, conforms to the requirements under the
Bills of Exchange Act 1882, which codifies the law relating to negotiable

1

instruments, including promissory notes and bills of exchange. According to the Act, a bill of exchange is "an unconditional order in writing, addressed by one person to another, signed by the person giving it, requiring the person to whom it is addressed to pay on demand or at a fixed or determinable future time a sum certain in money to or to the order of a specified person, or to bearer." (Section 3(1), Bills of Exchange Act 1882). As such, the Bill of Exchange presented is a valid and legally binding instrument for debt settlement under this Act and other applicable federal and state laws. U-Haul International, Inc.'s refusal to accept the Bill of Exchange, a legitimate form of payment, and the subsequent demand for alternative payment methods contravene the Consumer Financial Protection Act (CFPA) (12 U.S.C. § 5531), which aims to protect consumers from unfair, deceptive, or abusive acts or practices in financial transactions. This refusal also constitutes a breach of contract and fiduciary duty by failing to recognize a lawful and negotiable financial instrument as payment, thereby engaging in deceptive trade practices under the Federal Trade Commission Act (FTCA) (15 U.S.C. §§ 41–58). Furthermore, U-Haul International, Inc.'s refusal to honor the presented payment may be construed as fraudulent under the Racketeer Influenced and Corrupt Organizations Act (RICO) (18 U.S.C. § 1961–1968), which prohibits acquiring or maintaining an interest in or control of an enterprise through a pattern of racketeering activity. The continuous rejection of legitimate payments suggests a systematic effort to extort additional payments from consumers under false pretenses. On July 17, 2024, I received a text and email notification regarding a completed order processed under another individual's personal data. Upon discovering this issue, I immediately contacted U-Haul and spoke with an employee. I inquired about the transaction and why my permission was not sought before the purchase. I did not receive a satisfactory response and was told that the transaction was automatically processed based on a phone number. The customer's phone number was registered to my storage unit account (#1417) without my authorization, a clear misuse of my personal information. Subsequently, on August 17, 2024, I discovered that the necessary corrections I requested, including updating my contact information to 321-226-8525, had not been implemented. Moreover, U-Haul added another person's driver's license to my account without my consent or knowledge, a severe violation of my privacy rights and a breach of our contract. Recently, U-Haul communications have also addressed me incorrectly with the salutation "Ms." instead of "Mr.," as outlined in Exhibit A (Email

2

Correspondence dated: 08/24/2024), reflecting further mishandling of my personal data, contributing to emotional distress and damage to my reputation. U-Haul has failed to fulfill its fiduciary duty to protect and manage my personal information per our storage agreement. U-Haul's actions constitute a breach of contract under the Uniform Commercial Code (UCC) and Generally Accepted Accounting Principles (GAAP), which mandate proper handling and protection of customer data. U-Haul's mishandling of my personal data violates the Florida Information Protection Act (FIPA) (Fla. Stat. § 501.171) and the FTCA, which prohibit unfair or deceptive practices affecting commerce and require businesses to protect personal information adequately. My attempts to settle the outstanding balance through a specially endorsed negotiable instrument (Bill of Exchange) sent on August 23, 2024, were not honored (see: Exhibit B - Special indorsed Bill of Statement/Invoice). Under UCC Article 3-104, the Bill of Exchange is a legally binding tender, and U-Haul's refusal to accept it violates the terms of our agreement and constitutes a breach of fiduciary duty. U-Haul has continued to charge interest on my account despite the discharge of debt through the Bill of Exchange (see: Exhibit C - Copy of Notice of Tender & Notice of FINAL Demand). According to the Restatement (Third) of Restitution and Unjust Enrichment, U-Haul must refund any excess interest collected that does not correspond to an outstanding principal balance.

DEMAND FOR REMEDY

I hereby demand the following:

- Immediate Acceptance of the Bill of Exchange as a valid and lawful settlement of any outstanding balance.

- Written Confirmation that all efforts to collect additional payments through cash, credit, or other methods have ceased.

- Reimbursement for Legal and Administrative Costs incurred due to your improper refusal of payment.

- U-Haul must update my account information with my correct phone number (321-226-8525), mailing address (143 Grande Valencia Drive, Apt. 108, Orlando, Florida 32825), email address (dcrownestate@yahoo.com), and driver's license (indicating my Identity, see: Exhibit D) and provide written confirmation of these corrections.

- U-Haul must remove the unauthorized driver's license and any other personal data associated with another purchaser from my account, providing written confirmation of these corrections.

- Compensation calculated at $25,000.00 per day, starting from July 17, 2024, under the Civil Money Penalties Law (CMPL), due to the mishandling of my personal information, emotional distress caused by this breach of fiduciary duty, and non-compliance with federal and state consumer protection laws, starting from the date of your refusal to accept the Bill of Exchange (August 24, 2024).

- Any remaining interest charges applied to my account are unlawful and should be promptly refunded. I demand a full accounting of my account, including all payments made, interest accrued, and any refunds due.

- I formally dispute the billing for this transaction as erroneous and request that credits be transferred to the principal's account, with confirmation of this action.

- Immediate confirmation that the balance has been fully discharged and that my account is in good standing according to UCC and GAAP.

Failure to comply with these demands within three (3) days of acknowledgment of this letter and six (6) business days to fully resolve the issue will result in my pursuit of civil penalties of five thousand dollars ($5,000.00) per day, starting from the date of the initial violation on July 17, 2024. If U-Haul's negligence persists, I will seek a summary default judgment and declaratory relief, with a maximum civil penalty of fifty thousand dollars ($50,000.00) per day until all issues are resolved.

4

**Certification and Closing:**

Under Federal Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this response, claim, assessment, or demand:

**I.**

is not presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**II.**

is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law;

**III.**

the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after reasonable investigation or discovery.

Respectfully submitted,
/s/ Diansky Rouzard
/p/ **DIANSKY ROUZARD**
Tenant for Unit #1417
Deemed done in Good Faith
Without prejudice

Enclosure(s):

- **Exhibit A -** Email Correspondence dated: 09/04/2024 (YMDocx_re_EmailCorrespondence090424.pdf)
- **Exhibit B -** Special indorse Bill of Statement / Invoice (invoiceU-HaulMoving&StorageOfGoldenrod.pdf)
- **Exhibit C -** Copy of Notice of Tender (Uhaul_NoticeOfTender.pdf) & Notice of FINAL Demand (NoticeOfFINALDemand.pdf)
- **Exhibit D -** My Driver's license - Ens Legis: **DIANSKY ROUZARD**

5

DIANSKY ROUZARD, Claimant
dcrownestate@yahoo.com
Fax: +1 (850) 757-0064

Date: 10/18/2024

To: U-Haul International, Inc.
   Attn: Wesley Chadwick, Director of Operations
   2721 N. Central Ave.
   Phoenix, AZ 85004
   wes_chadwick@uhaul.com

**NOTICE TO PRINCIPAL IS NOTICE TO AGENT**
**NOTICE TO AGENT IS NOTICE TO PRINCIPAL**

Re: Contract#: 956053 - 114033

# Exhibit F2

**FINAL DEMAND NOTICE**

 I am writing to issue a Final Demand in regard to my Notice of Claim dated 08/23/2024, which included a valid Bill of Exchange for full payment of the outstanding balance on Contract#: 956053 - 114033. Despite this submission and my subsequent communications, I continue to receive notifications of Auto-Payment Failure, and my claim has not been adequately addressed by U-Haul. These continued collection attempts, despite my settlement of the balance via a legally valid instrument, constitute a violation of my right to due process as guaranteed under the Fifth Amendment to the U.S. Constitution. The ongoing notifications and collection efforts are occurring without just cause, following a lawful tender of payment. This lack of due consideration and failure to formally respond to my Notice of Tender directly infringe upon my right to fair treatment and are in clear violation of established constitutional protections. In Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555 (1935), the Supreme Court ruled that any deprivation of property without due process is unlawful. U-Haul's continued collection attempts, despite my valid payment, are tantamount to an unjust deprivation of my property rights. U-Haul's actions also represent a breach of contract. By failing to process the Bill of Exchange and continuing to issue collection notices, U-Haul has neglected its contractual obligation to fulfill the agreement and apply the payment tendered. Under contract law, there is an implied duty of good faith and fair dealing, which obligates both parties to act in good faith and fulfill their respective responsibilities. In this case, U-Haul's failure to apply the payment, communicate effectively, and address my concerns constitutes a violation of the duty of care. As outlined in Hoffman v. Red Owl Stores, Inc., 26 Wis. 2d 683 (1965), a party's failure to act in good faith and honor their obligations can result in damages for breach of contract. U-Haul has failed to perform its duties under the agreement by not honoring the valid financial instrument provided and not responding to my claims.

I hereby demand the following actions be taken immediately:

- Confirmation of Payment & Account Settlement: I demand formal confirmation that my Bill of Exchange, submitted on 08/23/2024, has been honored and that my account is now marked as paid in full and in good standing.
- Cease All Collection Actions: U-Haul must immediately cease all collection activities and notifications related to Auto-Payment Failure, as continued collection attempts are unlawful given that the balance has been satisfied.
- Breach of Contract Resolution: U-Haul must acknowledge the breach of contract that has occurred due to the failure to fulfill its duties, and I request that appropriate compensation be issued for the inconvenience, emotional distress, and any financial damages incurred as a result of these violations.

If U-Haul fails to comply with these demands within three (3) business days of receipt of this letter, I will be forced to pursue legal action. This will include seeking damages for the violation of my due process rights, breach of contract, and failure to act in good faith. In addition to civil penalties, I will also seek any further remedies allowed under federal and state law, including but not limited to compensatory damages, attorney fees, and punitive damages. This is my final notice before legal action is initiated. I trust U-Haul will take this matter seriously and respond promptly to resolve these ongoing issues.

Oath:

I, DIANSKY ROUZARD, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Certification and Closing:

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this response, claim, assessment, or demand:

(I)

is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(II)

is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law;

(III)

the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Respectfully submitted by,
/s/ Diansky Rouzard
/p/ DIANSKY ROUZARD, Claimant
Deemed Done in Good Faith
Without prejudice
Nunc Pro Tunc

Enclosure(s):

YMDocx_AutopaymentFailure101724.pdf
YMDocx_AutopaymentFailure101824.pdf

| | |
|---|---|
| **Subject** | re: Notice |
| **To:** | [ <marsha_evans@uhaul.com>] |
| **From** | Diansky Rouzard <dcrownestate@yahoo.com> |
| **Date:** | Wed, Sep 4, 2024 at 2:12 PM |

re: Notice of Incorrect Salutation

First and foremost, I want to clarify that I am a man, Mr. Diansky Rouzard. Addressing me with the wrong salutation demonstrates a clear line of disrespect and disregard for my personal identity, which was erroneously mixed up in the first place. If you or any employee at U-Haul continues to misappropriate my name and address me incorrectly, I will be seeking compensation of twenty-five thousand dollars ($25,000.00) per day for failing to fulfill your obligation to correctly handle my personal information. This compensation request aligns with the Civil Money Penalty provision and is necessary to address the financial and emotional damages suffered due to this willful, intentional, prejudiced, and negligent act. Furthermore, should any further flaws occur, I will pursue a summary default judgment to secure the maximum civil penalty of one million dollars ($1,000,000.00) per day until I am fully satisfied.  To ensure we have a clear understanding moving forward, I will need your confirmation of this message for this will not be an ongoing issue. If no response, I will seek civil remedy action for your dishonor.

Respectfully submitted by,

Mr. Diansky Rouzard

# Exhibit G

On Wed, Sep 4, 2024 at 1:06 PM, Marsha Evans <marsha_evans@uhaul.com> wrote:

Dear Ms. Rouzard. 

Please see the attached correspondence sent on behalf of Assistant General Counsel Wesley Chadwick.

Thank you.

Marsha Evans

Assistant to Attorneys Wesley

Chadwick, Patrick Ruttinger,

Manda Brockhagen, Barrett Flynn,

and Brian Cuevas; and Paralegals

Scott Mafucci and Meg Grove

U-Haul International, Inc.

2721 N. Central Ave.

Phoenix, AZ  85004

marsha_evans@uhaul.com

P:  623-738-1135