UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DIANSKY ROUZARD,**

**Plaintiff,**

**v.** **Case No. 6:24-cv-2233-CEM-DCI**

**U-HAUL INTERNATIONAL, INC.,**

**Defendant.**
_________________________________/

**ORDER**

THIS CAUSE is before the Court on Defendant's Motion to Dismiss the Fourth Amended Complaint (Doc. 53), Plaintiff's Motion for Leave to Amend the Fourth Amended Complaint (Doc. 62), and Defendant's Motion to Stay Discovery (Doc. 73). The United States Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 79), recommending that the Motion to Dismiss be granted, the Motion to Amend be denied, and the Motion to Stay be denied as moot. (*Id.* at 10). Plaintiff filed an Objection to the R&R (Doc. 80).

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's R&R concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration

of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Magistrate Judge found that Plaintiff's Fourth Amended Complaint was an impermissible shotgun pleading and recommended dismissal without leave to amend. (Doc. 79 at 8). The Magistrate Judge noted that Plaintiff has had at least four chances to file a sufficient pleading in this case but has failed to do so. (*Id.* at 9). Plaintiff raises several objections to the R&R: (1) the scheduling order allows amendment; (2) discovery has begun and Plaintiff will be able to determine the proper defendant through discovery; (3) Defendant's disclosures acknowledge related corporate entities; (4) dismissal before entity-identification discovery is premature; (5) Plaintiff should be allowed one final opportunity to amend; and (6) dismissal would create an unfair outcome. (Doc. 80 at 2–7).

Plaintiff's first objection misrepresents the Court's Case Management and Scheduling Order. The Case Management and Scheduling Order provides a deadline for parties to file a motion to join a party or amend pleadings. (Case Management and Scheduling Order, Doc. 75, at 1). It does not, as Plaintiff implies, create a presumption in favor of amendment through that deadline.

Plaintiff's second, third, and fourth objections essentially argue that it would be unfair to dismiss Plaintiff's Fourth Amended Complaint on the grounds that Plaintiff named the wrong defendant because Plaintiff has not had an opportunity to identify the proper defendant. (Doc. 80 at 3–5). However, the Magistrate Judge explained that regardless of the improper party issue, the Fourth Amended Complaint is due to be dismissed because it is an impermissible shotgun pleading. (Doc. 79 at 5, 7). Plaintiff does not dispute that the Fourth Amended Complaint is a shotgun pleading. Rather, in the fifth and sixth objections, Plaintiff contends that because the deficiencies in the pleading are curable, dismissal without leave to amend would be unfair. (Doc. 80 at 5–6). However, as the Magistrate Judge stated, "courts are not required to give plaintiffs endless opportunities to amend." (Doc. 79 at 9 (citing *Laurent v. U.S. Tr.*, 196 F. App'x. 740, 744 (11th Cir. 2006))).

The Court has reviewed and considered Plaintiff's Objections to the R&R on a *de novo* basis and finds they lack merit. Therefore, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Magistrate Judge's recommended disposition is accepted and the R&R is incorporated herein by reference. *See Williams v. Omega Labs. Inc.*, 2026 WL 1847300, at *2 (11th Cir. June 26, 2026) (holding that a district court need not "restate what was already detailed" by the Magistrate Judge and adopted into the order).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objection to the Report and Recommendation (Doc. 80) is **OVERRULED**.
2. The Report and Recommendation (Doc. 79) is **ADOPTED** and made a part of this Order.
3. Defendant's Motion to Dismiss (Doc. 53) is **GRANTED**.
4. Plaintiff's Motion for Leave to Amend (Doc. 62) is **DENIED**.
5. Defendant's Motion to Stay (Doc. 73) is **DENIED as moot**.
6. Plaintiff's Fourth Amended Complaint is **DISMISSED**.
7. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Orlando, Florida on September 22, 2026.

CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party